**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*11:24 am, Nov 04, 2025*
**JEFFREY P. COLWELL, CLERK**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

Riley Doe, Plaintiff

v.

Steamboat Springs RE-2 School District,

Thomas Valand,

Daniel Bloom, Defendant(s).

# **PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND FOR A PROTECTIVE ORDER**

Plaintiff Riley Doe respectfully moves this court for an order granting them leave to proceed under pseudonym and a protective order limiting disclosure of Plaintiff's and other students' identities to counsel for Defendants and the Defendants themselves.

**INTRODUCTION**

Plaintiff seeks to leave to proceed under pseudonym to protect their privacy and safety and to avoid renewed stigmatization, ostracism, bullying, or retaliation from community members. This litigation involves sensitive mental health issues such as PTSD and confusion related to Plaintiffs' gender identity and sexual orientation, disclosure of which may invite more stigmatization and/or bullying from community members.

Plaintiff has no objection to providing Plaintiff and other students' legal names to counsel for Defendants, the Defendants themselves, and the Court. Plaintiff also does not intend to prevent the public from having access to the Court's rulings or observing the proceedings of this Court under adequate protections. They want only to prevent public disclosure of their identity.

**ARGUMENT**

In general, a complaint must state the names of all parties. See FED. R. CIV. P. 10(a). But "there may be exceptional circumstances warranting some form of anonymity in judicial proceedings." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). As for filing by pseudonym, "A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* This case involves matters of highly sensitive and personal nature, litigates against injuries arising directly from community members' response to Plaintiff's

identity and mental health, and revealing Plaintiff's identity publicly presents a real risk of physical harm.

## I. REVEALING PLAINTIFF'S IDENTIFYING INFORMATION WOULD REQUIRE THEM TO DISCLOSE INFORMATION CONCERNING A MATTER OF SENSITIVE AND HIGHLY PERSONAL NATURE.

As described in the complaint, this case directly involves highly sensitive and personal topics, such as targeted and systematic humiliation and bullying at school, discriminatory accusations of stalking and chasing, Plaintiff's gender identity and sexual orientation, Plaintiff's mental health, and emotional trauma resulting in PTSD.

Plaintiff's PTSD and emotional distress is central to this case regarding discrimination, extreme and outrageous conduct, and denial of access. This involves Plaintiff's private and confidential medical information, such as mental health treatment records and diagnosis. This also involves highly sensitive descriptions of the distress and mental health struggles Plaintiff has endured as a result of Defendants' conduct.

The Tenth Circuit has recognized that "confidential medical information is entitled to constitutional privacy protection," *A.L.A. v. W. Valley City*, 26 F.3d 989, 990 (10th Cir. 1994), and a right to privacy exists in the non-disclosure of personal information, including confidential medical information. See *Royce v. Veteran Affs. Reg'l Off.*, No. 08–cv–01993–KMT-KLM, 2009 WL 1904332, at *7 (D. Colo. July 1, 2009) (citing *Herring v. Keenan*, 218 F.3d 1171, 1175 (10th Cir. 2000)); cf. *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 549 (D.N.J. 2006) (noting that "many courts have recognized pseudonym use" in cases involving mental health).

In addition, this case is inextricably tied to Plaintiff's gender and sexual identity. Plaintiff does not identify with their gender assigned at birth and is in the process of exploring their gender identity and possible transition. This case involves discrimination and exclusion directly arising from Plaintiff's identity and their gender non-conforming nature. For example, Plaintiff was framed as a predator for wanting to participate in class due to their and the other students' genders (See Complaint ¶ 64).

Courts "have long recognized that the harms arising from disclosing a person's transgender status are among those that make protection by pseudonym appropriate." See, e.g., Doe v. Pa. Dep't of Corr., No. 19-CV-01584, 2019 WL 5683437, at *2 & nn.12–13 (M.D. Pa. Nov. 1, 2019) (collecting cases); *Doe v Parx Casino*, No. 18-5289, Doc 4 (ED Pa Jan 2, 2019) (permitting lesbian plaintiff with a masculine gender expression to proceed under a pseudonym); see also Doe v. City of Detroit, No. 18-CV 11295, 2018 WL 3434345, at *2 (E.D. Mich. July 17, 2018) ("Several courts have held that an individual's transgender identity can carry enough of a social stigma to overcome the presumption in favor of disclosure."). This is so because "[t]he excruciatingly private and intimate nature of transsexualism, for persons who wish to preserve privacy in the matter, is really beyond debate." Powell v. Schriver, 175 F.3d 107, 111 (2d Cir. 1999). Fear of harm arising from disclosure of Plaintiffs' gender identity are clearly relevant and justified, given the fact Plaintiff has already experienced discrimination and stigmatization by staff simply while attending school. Plaintiff wishes to simply live their life as themselves, and not draw further attention to their gender identity or potential transition.

## II. REVEALING PLAINTIFF'S IDENTIFYING INFORMATION WOULD LIKELY RESULT IN FURTHER INJURY AND RETALIATION

Plaintiff's PTSD has been triggered in the past due to actions and interactions by members of the community (See Complaint ¶ 105). Disclosure of Plaintiffs' name may result in re-traumatization, retaliation, and isolation due to further publicity, discrimination, and stigmatization in line with the stigmatization and discrimination Plaintiff has experienced in the past ("stalking behavior," "chasing,") (See Complaint ¶ 56). Disclosure would result in further injuries which this lawsuit seeks to address. Plaintiff wishes to move their relationships in the community in a positive direction and prevent future stigmatization, discrimination, and retaliation, which would likely be caused by public disclosure of Plaintiffs' identity. See *M.T. v. Olathe Pub. Schs. USD 233*, No. 17-CV-2710-JAR-GEB, 2018 WL 806210, at *3 (D. Kan. Feb. 9, 2018) (finding that "the real potential of additional psychological harm—one of the very injuries litigated against—is enough to outweigh the public interest in disclosure" of the plaintiff's identity).

Identifying Plaintiff by name would effectively identify the other students involved in class. Given the small nature of the class and community, and the fact there is only a handful of French classes at the referenced high school, the information in the complaint along with Plaintiff's name could be used to identify Student A, B, and X. This could potentially result in further retaliation, discrimination, or stigmatization from or towards the students involved, which has in the past been pushed onto Plaintiff, contributing to Plaintiff's injuries. (See Complaint ¶ 88).

Further, because of the real risks of discrimination, stigmatization, harassment, and in some cases violence that transgender people face on account of their transgender or gender non-conforming status, courts have allowed transgender plaintiffs to proceed under pseudonyms. See,

*e.g., Blue Cross,* 794 F. Supp. at 73 (noting that "in this era of seemingly increased societal intolerance," the court "will not strip plaintiff of the cloak of privacy which shields him from the stigmatization he might otherwise endure");

### III. PLAINTIFF'S IDENTITY AS A GENDER NON-CONFORMING INDIVIDUAL PUTS THEM IN REAL DANGER OF PHYSICAL HARM

Numerous courts have acknowledged that the mere public identification of a plaintiff as a transgender person can subject them to retaliatory physical or mental harm in the form of violence, harassment, and discrimination. *Foster v. Andersen*, No. 18-2552, 2019 WL 329548 at *2 (D. Kan. Jan. 25, 2019) (finding plaintiff's fears of harm resulting from possible disclosure of his transgender status justified); *Genesis Healthcare*, 535 F.Supp.3d 340, (concluding that plaintiff's fears of discrimination were justified based on "statistical evidence and media reports describing the danger faced by transgender individuals in the community" and plaintiff's personal experiences).

Transgender people have faced particular danger in Colorado, as demonstrated by the murder of five people in a much-publicized anti-LGBTQ shooting at a nightclub in Colorado Springs. See Evidence That Colorado Springs Club Q Shooting Was Motivated by LGBTQ Hatred, USA Today, Feb. 24, 2023, available at usatoday.com/story/news/nation/2023/02/24/colorado-springs-club-q-hate-crime-givesendgo-jeremy-bertino-proud-boys/11334752002/

According to data compiled by the Colorado Sun, hate crimes targeting LGBTQ individuals in Colorado has nearly doubled between 2019 and 2023. See coloradosun.com/2024/11/22/colorado-hate-crimes-lgbt/

It is well established that publicly identified transgender and gender non-conforming individuals often face real danger of physical violence and threats thereof. Denying Plaintiff's motion for leave to proceed under pseudonym would create a real risk of physical harm.

## IV. PLAINTIFF'S VULNERABILITY AND STATUS AS A MINOR AT THE TIME OF EVENTS WEIGHS AGAINST DISCLOSURE

Furthermore, while Plaintiff is no longer a minor, Plaintiff was a minor at the time of the events described. See *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) ("the youth" of plaintiffs is often "a significant factor in the matrix of considerations arguing for anonymity" and finding the plaintiffs' youth to be an "especially persuasive" factor justifying anonymity); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of children … and other particularly vulnerable parties or witnesses"). At the time of the events, Plaintiff was a minor in an educational setting, in a vulnerable position, and was being bullied by their peers and misled by the adults responsible. While Plaintiff is no longer a minor, they are still in a heightened vulnerable position due to their PTSD and trauma regarding the experiences referenced.

## V. THE INTERESTS OF THE PARTIES AND OF THE PUBLIC WOULD BE UNAFFECTED BY THE RELIEF REQUESTED.

Plaintiff seeks to vindicate and protect their constitutional and statutory rights that apply to all persons in Colorado. Forcing an individual to disclose private and personal information as part of vindicating constitutional and statutory rights would dissuade other similarly situated individuals from bringing such claims. Cf. *Doe v. Stand. Ins. Co.*, No. 1:15–cv–00105–GZS, 2015 WL 5778566, at *3 (D. Me. Oct. 2, 2015) ("To deny Plaintiff's request under the

circumstances of this case might not only prevent Plaintiff from proceeding on her claim, but might also discourage others ... from asserting their claims.").

Plaintiff does not seek to restrict the public's general right to access the filings, proceedings, and rulings in this case. Plaintiff's request is narrowly tailored to prevent only the public disclosure of the Plaintiff's identity. Where, as here, the "public will have access to the facts relevant to the parties' arguments and the Court's ultimate decision in the case, an order permitting Plaintiff[s] to proceed under a pseudonym will not unreasonably interfere with the public's interest in access to judicial records and will promote the public's interest" by protecting every individual's constitutional and statutory rights. *Id.*

Furthermore, Plaintiff does not seek to withhold their identity from Defendants or the Court, but only to proceed pseudonymously to prevent disclosure of Plaintiff's identity in public documents. Allowing Plaintiff to proceed under pseudonym will not prejudice Defendants; Defendants will know Plaintiff's identity. "[I]t is unclear how [the Court's grant of the requested relief] would … hinder [] [Defendants'] preparation" of the case, as Defendants here would still be able "to obtain all the information necessary to address" the issues in this case without public disclosure of Plaintiff's name. *Porter*, 370 F.3d at 561; see also *Foster v. Andersen*, No. 18-2552-DDC-KGG, 2019 WL 329548, at *2 (D. Kan. Jan. 25, 2019) (finding "the relief sought by th[e] motion [to proceed pseudonymously] will not prejudice defendants" as plaintiff "d[id] not seek to withhold his identity from defendants but only wishes to prevent disclosure of his identity in public documents"); *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (granting motion to proceed under pseudonym where defendant "already [knew] Doe's true identity").

## EXTENSION OF PROTECTIVE ORDER TO ANY STUDENT WITNESSES

Plaintiff further notes that other public filings in this matter may include the identification of one or more student witnesses. Plaintiff respectfully requests that the Court's protective order extend to such individuals, permitting the use of pseudonyms in any publicly filed materials and allowing the filing of documents containing full identifying information under seal.

Denial of this extension carries a substantial risk of the disclosure of Plaintiff's identity, given the small nature of the class and town community, and the fact there is only a handful of French classes at the high school in question.

Additionally, Plaintiff wishes to minimize the risk of retaliation or collateral harm directed towards or from the students involved, and allow the individuals the opportunity to acknowledge and repair privately without external pressure or shame. As detailed in Argument Section II, disclosure of their identities may lead to further harm or retaliation towards Plaintiff.

## REQUEST FOR RESTRICTED FILING OF PLAINTIFF'S AND OTHER STUDENT'S IDENTIFYING INFORMATION

Plaintiff has submitted a document containing their true name, contact information, and other students' names for the Court's and Defendants' use only.

Plaintiff respectfully requests that this document be maintained under Level 1 restriction pursuant to D.C.COLO.LCivR 7.2, and that this Motion be construed as including a request for such restriction.

Plaintiff further requests that their and other students' identity not be disclosed on the public docket pending the Court's ruling on this Motion.

## CONCLUSION

The highly sensitive and private nature of the information at issue, the risk of further injury, retraumatization, and retaliation, the real risk of physical violence, and the minority of Plaintiff and other students' at the time, all support granting leave for Plaintiff to proceed under pseudonym. Granting this motion will not prejudice Defendants or the public. In sum, "this is an exceptional case where the need for anonymity outweighs the public interest" in disclosing the identities of Plaintiff.

For these and the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to proceed under pseudonyms and for a protective order limiting disclosure of Plaintiff's and other students' identities to counsel for Defendants and the Defendants themselves.


Respectfully Submitted,

/s/ Riley Doe
Riley Doe
rileydoevsssd@gmail.com
Pro Se Plaintiff
Plaintiff proceeding under pseudonym
Real name and address information filed under seal